UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
FIDENCIO JIMENEZ,             )
                              )
         Petitioner,          )
                              )
v.                            )   Civil Action No. 05-11482-NG
                              )
MICHAEL CHERTOFF, SECRETARY   )
OF DEPARTMENT OF HOMELAND     )
SECURITY, ET AL.,             )
                              )
         Respondents.         )
_____)
```

MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S REQUEST FOR
ENTRY OF DEFAULT AND RESPONDENTS' MOTION FOR DISMISSAL

     The Complaint in this action was filed against the Respondents, Michael Chertoff, et al., on July 11, 2005. Although Petitioner moves for default against the Respondents on the basis that they have failed to file a timely response thereto, the facts reveal that Petitioner has not properly served the Respondents. Indeed, according to Petitioner, the only federal entities served to date are the Department of Homeland Security and the Bureau of Citizenship and Immigration Services. See Petitioner's Memorandum in Support of Motion for Default, p. 5. Accordingly, the Petitioner has failed to serve both the United States Attorney's Office and the Attorney General of the Untied States in accordance with Rule 4(i) of the Federal Rules of Civil Procedures. Thus, Petitioner's motion for default should be denied and the Respondents' instant motion for dismissal of the Complaint should be granted.

ARGUMENT

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the requirements of service of process upon the United States, its agencies, and officers. The rule prescribes that service be effected upon the United States, its agencies, and officers, by delivering copies of the summons and complaint to the United States Attorney by hand delivery or by registered or certified mail, by sending copies of the summons and complaint to the Attorney General of the United States by registered or certified mail, and by sending copies to the officer or agency by registered or certified mail. Fed. R. Civ. P. 4(i)(1).[1] Rule 12(b)(5) of the Federal Rules of Civil Procedure sets forth "insufficiency of service of process" as grounds for dismissal of a complaint.

The Court acquires personal jurisdiction over a defendant only if the defendant is properly served. *Omni v. Capital Internat'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 103 (1987) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction"); *De La Cruz Arroyo v. Commissioner of Social Security*, 215 F.3d 1311 (1st Cir. 1998) (Dismissal of case upheld when plaintiff failed to serve process seven months after complaint filed.); Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1232-34 (1st Cir. 1991) (Jurisdiction not established where no return of service).[2]

Since the Respondents are federal officials apparently being sued in their official

---

[1] Similarly, if an individual employee of the federal government is being sued in his personal capacity, service must be accomplished upon that individual and upon the United States Attorney's Office, the Attorney General of the United States, and the agency. Rule 4(i)(2)(B).

[2] It is the burden of the Petitioner to establish that proper serviced has been effected. United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988).

capacities, the Petitioner was required by Rule 4(i) to serve the federal agency, the United States Attorney's Office, <u>and</u> the Attorney General of the United States.  By his own submissions, this has not occurred.  Additionally, Rule 4(m) of the Federal Rules of Civil Procedure provides that an action shall be dismissed if service is not made upon a defendant <u>within 120 days</u> after the filing of the complaint, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  (Emphasis supplied.)

In this regard, proper service has not been accomplished in **over 120 days** since the filing of the Complaint.  Accordingly, the Petitioner has not only failed to serve the Respondent's properly, but he has also violated the 120-day service rule (Fed. R. Civ. P.; 4(m)).  Since the Respondents have not been brought within the jurisdiction of this Court, and the Complaint has not been properly served under Fed. R. Civ. P. 4 (i) and (m), the Complaint should be dismissed for lack of service.  <u>See</u> Fed. R. Civ. P. 4(i), 12(b)(5).

WHEREFORE, because service has not be accomplished as contemplated by the Federal Rules of Civil Procedures, the Respondents respectfully request that this Court deny Petitioner's Motion for Entry of Default and grant their motion to dismiss the Complaint in its entirety.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

    By:   /s/ Michael Sady
        Michael Sady
        Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA   02210

Dated: November 28, 2005       (617) 748-3100

**CERTIFICATE OF SERVICE**

3

    This is to certify that on this 28th day of November, 2005, I served upon the Petitioner's counsel Jeffrey B. Rubin, Esq., Rubin & Mann, P.C., One Center Plaza, Suite 230, Boston, MA 02108, by depositing in the United States mail first-class, a copy of same in an envelope bearing sufficient postage for delivery.

                            /s/ Michael Sady
                            Michael Sady
                            Assistant United States Attorney

## **LOCAL RULE 7.1(A)(2) CERTIFICATION OF COMPLIANCE**

    I certify that I have conferred with counsel regarding the issues in this opposition and motion.

                            /s/ Michael Sady
                            Michael Sady
                            Assistant United States Attorney